## CHARLEY ADAMS v. THE STATE OF TEXAS.

### IN COURT OF APPEALS AUSTIN TERM, 1884.

*Former Conviction—Plea of.*—A special plea of former conviction is defective when it fails to set out the record of conviction, and does not allege the identity of the person and the offense.

*Offense—Indivisible.*—The illegally marking and branding of two animals at the same time and place, although they belong to different owners, constitutes but one crime—and a conviction for illegal marking and branding one of the animals will bar further prosecution.

*Evidence.*—An application for an atttachment made and sworn to by the defendant while in jail and without his being cautioned that it might be used against him is not admissible against him.

Appeal from Comanche connty.

This conviction was had upon an indictment which charges the defendant with the offense of unlawfully and feloniously marking and branding one yearling of the neat cattle species, not being his own property but the property of some person to the grand jurors unknown, without the consent of the owner and with intent to defraud.

In addition to the plea of not guilty, the defendant pleaded specially a former conviction for the same offense in the same court. This special plea was defective in that it failed to set out the record of conviction, and did not specifically allege the identity of the person convicted and the offense of which he was convicted. (Williams v. The State of Texas, Ct. Apps. 285.) It was not excepted to however, by the State, and upon the trial the defendant was permitted without objection to introduce evidence in support of the plea, that at the same time and place that the defendant marked and branded the yearling involved in this prosecution, he also marked and branded another yearling whose owner was to the grand jurors unknown, and that the defendant had been indicted, prosecuted and convicted in the same court in which the trial was pending for illegally marking and branding said last named yearling. This proof was made by oral testimony, and strange to say, the record of said conviction was not read in evidence, at least it does not appear that it was, from the transcript before us. No objections however were made by the State to any evidence offered by defendant in support of his plea, and we shall therefore consider the evidence as we find it in the statement of facts. In instructing the jury upon defendant's special plea, the learned judge used the following language: "It devolves on the defendant to prove the allegations in his special plea and to sustain this plea, the proof must satisfy you that the offense upon which he has been convicted, and the one now charged are but one and the same offense, committed at one and the same time, by one and the same act, or that the two charges constitute but parts of one and the same transaction, committed at one and the same time. If these facts are proved to your satisfaction, then you need not pursue your inquiries any further, but will find the special plea to be true. But, if you find that the two animals were taken at different times by different acts, and that the marking and branding, if any, of one of the animals was done, perfected, and completed by one act and transaction and after such competi-

tion, the other animal, if it belonged to a different owner, was by a different act marked and branded, it would be a different transaction and offense, if offense at all, although the branding and marking may have been done near the same time and place."

Defendant requested the court to give the following special charge, which was refused, viz: "If you believe from the evidence in this case that the animal charged to be illegally marked and branded in this case was marked and branded at the same time and place, as the animal charged to have been illegally marked and branded in the indictment in case No. 622, The State of Texas against Charley Adams, on which indictment, the defendant has been tried and convicted, so as to make the marking and branding of the two animals one and the same transaction, or part of the same transaction, then in that event, if the jury so believe, they will find the special plea of defendant true."

It is well settled in cases of theft that the stealing of different articles of property belonging to different persons at the same time, and place, so that the transaction is the same, is but one offense against the state, and the accused cannot be convicted on separate indictments charging different parts of one transaction, as if they were distinct offenses, as a conviction on one of the indictments bars a prosecution on the other.

Wilson v. The State, 45 Texas, 76;

Quitzow v. The State, 1 Texas, Ct. Apps. 47;

Hozier v. State, 6 Texas Ct. Apps. 542;

Hudson v. The State, 9 Texas Ct. Apps. 151;

Addison v. The State, 3 Texas Ct. Apps. 40;

Hirchsfield v The State, 11 Texas Ct. of Apps. 207.

We think this rule applies in this case with the same force and to the same extent as it would apply in case of theft.

We can perceive no reason why it should not. We think the court erred in the latter portion of the charge quoted, whereby the jury were instructed that if the marking and branding of one of the animals was done, perfected, and completed by one act and transaction, and after such completion, the animal, if it belonged to a different owner, was by a different act marked and branded, it could be a different transaction and offense, although the branding and marking may have been done near the same time and place. This portion of the charge is in conflict with what we understand to be the

law and was not in our opinion applicable to the evidence before the court. It mattered not whether one yearling was marked and branded first or whether both were marked and branded at the same instant of time and on the same identical spot of ground. The true inquiry was, did the marking and branding of the two yearlings, in fact constitute one and the same transaction although accomplished by several acts? Suppose the defendant had been charged with the theft of the yearlings, and the proof had shown that he took them from a pen, that he drove one of them out of a pen, and turned and immediately, but by a different *act* drove out the other. Would not this be the same transaction and but one offense? We think in such a case such a conviction of the theft of one of the yearlings would be a bar to an indictment for the theft of the other, and that it would make no difference that the yearlings were owned by different persons. (Hudson v. The State 9 Texas Ct. Appeals, 151). In our opinion the special charge asked by the defendant and refused by the court was correct and applicable to the evidence, and should have been given in place of the objectionable portion of the charge given by the court.

It was plainly proved that the two yearlings were marked and branded by the defendant at the same time and place. As soon as one yearling had been marked and branded the other was marked and branded, without the lapse of any such time as would constitute the acts separate and distinct transactions and without any change of place.

It is clear to our minds from the evidence and the well settled principles of the law that the marking and branding of the yearlings was but one and the same transactions and constituted but one offense.

Upon the trial, the state, over the objections of the defendant read in evidence an application which defendant had made for attachments for certain witnesses in which application he had stated the facts he expected to prove by said witnesses, which facts constituted a defense different from the one urged by the defendant on the trial. This application was sworn to by the defendant and at the time he made the same, he was a prisoner confined in jail, and was not cautioned that it might be used against him. It was error to admit this testimony and the same was well calculated to influence the

verdict of the jury unfavorably to the defendant, as the facts therein stated were shown upon the trial to be untrue.

Austin v. The State, Galveston Term, 1884.

Judgment reversed and cause remanded. Willson, J.